UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLEE BROWN,<br>6100 Coventry Way<br>Clinton, MD 20743<br><br>*Plaintiff*,<br><br>v.<br><br>TRINITY WASHINGTON<br>UNIVERSITY,<br><br>Serve: Sarah M. Phelps<br>General Counsel<br>125 Michigan Ave. NE<br>Main Hall Rm. 206<br>Washington, DC 20017<br><br>*Defendant*. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR COMPENSATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff, Charlee Brown (hereinafter "Plaintiff" or "Ms. Brown"), by and through undersigned counsel with her Complaint for Compensatory and Injunctive Relief, against Defendant Trinity Washington University (hereinafter "Defendant" or "Trinity"), and states as follows:

### INTRODUCTION

Plaintiff is employed as a police officer with the Metropolitan Police Department (hereinafter "MPD"). In August of 2020, Plaintiff was visiting a community party when gun shots were fired at the event. She was struck in the neck by a stray bullet and was severely injured.

1

After multiple surgeries, and more than four (4) months in the hospital recovering from her injuries, she enrolled in classes at Trinity to work on obtaining a Masters' Degree.

Although doing course work was a challenge for her due to lingering symptoms from her injuries, Plaintiff was able to complete course work and meet expectations.  However, she needed a little extra time to complete assignments for one class because she could not rely on her dominant hand to write, and because looking at a computer screen was triggering headaches.  Trinity agreed to give her extra time to complete course work, and Plaintiff submitted her assignments in a timely manner.  However, thereafter, Trinity refused to grade the assignments she turned in, and is now taking the position that Plaintiff must completely redo the course.

Even worse, Trinity completely violated its contractual obligations to Plaintiff when another professor discussed Plaintiff's personal life and course work with a former co-worker of hers, and exhibited animus against Plaintiff because of a warped and false perception about the legitimacy of Plaintiff's disability and need for accommodation.  Despite Plaintiff's repeated efforts to obtain an accommodation of her disability, Trinity has treated her with contempt and disrespect, and has refused to allow her to obtain the benefit of the tuition she paid to the institution.

Both professors who have disrespected and denigrated Plaintiff are Latino males.  Plaintiff is an African American woman.  She has been subjected to completely different standards and policies than similarly situated non-African American students, and further asserts that she has been discriminated against based on her race and gender.

Herein, Plaintiff asserts claims pursuant to the Rehabilitation Act, the Americans with Disabilities Act, the District of Columbia Human Rights Act, and common law of the District of Columbia.  She seeks injunctive relief to allow her to complete her course work and for it to be

graded by persons who are not biased against her. She also seeks compensatory and punitive damages against Defendant as outlined herein.

## PARTIES

1. Plaintiff is an African American woman, who is a resident of the state of Maryland. She is a sworn officer with the MPD, and is a registered graduate student at Trinity.

2. Defendant is a private Catholic University, located in the District of Columbia. It receives federal funds via federal student aid and other federal programs.

## JURISDICTION AND VENUE

3. This Court enjoys jurisdiction over this matter because it arises under the laws of the United States, including the Rehabilitation Act, 29 U.S.C. § 794 (b), et seq., and the Americans With Disabilities Act, 42 U.S.C. §12132, et seq. Venue is proper in this jurisdiction because all acts and omissions that form the basis of the claims herein took place in the District of Columbia. This Court enjoys supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same facts as the federal claims.

## RELEVANT FACTS

4. Plaintiff is an African American woman who been employed as a police officer with MPD since January of 2017.

5. On or about August 9, 2020, Plaintiff and a friend, Jazmine Hester (hereinafter "Ms. Hester") were on their way to go to a DC area lounge. Ms. Hester asked to stop on the way to visit with a colleague, who was at a community party.

6.      When Plaintiff and Ms. Hester got to the party, Ms. Hester spoke with the colleague. When Ms. Hester and Plaintiff turned to leave the event, gun fire broke out and Plaintiff was shot in the neck by a stray bullet. The shot came out of the blue, and was unexpected because there was no conflict going on at the time.

7.      The bullet caused Plaintiff cervical spine injuries, and she was taken immediately to the hospital. Plaintiff underwent spinal surgery and was in the hospital for approximately four (4) months. She came very close to dying or being permanently paralyzed.

8.      Instead, Plaintiff suffered partial paralysis involving one arm, and other cerebral-spinal injuries that caused her serious headaches, weakness on one side of her body, residual pain, and other related consequences.

9.      Plaintiff has had to undergo several surgeries since the initial injury. She has since been actively trying to recuperate and rehabilitate the injury, and still attends physical therapy once a week.

10.      Plaintiff still deals with weakness on the right side of her body, she still suffers from headaches, and struggles with formation of words and has slower mental processing. Her symptoms have improved with therapy, but she still needs accommodation to complete normal tasks.

11.      Prior to her injuries, Plaintiff obtained an undergraduate degree from Trinity University (hereinafter "Trinity"), and maintained a strong grade point average.

12.      In August of 2021, Plaintiff enrolled in graduate courses at Trinity, taking two classes per semester. She is studying to obtain a Masters' Degree in Human Resources Administration.

13.      During that first semester of 2021, Plaintiff struggled through completing her classwork without any accommodation, despite the fact that she was getting headaches from the computer

screen, had difficulty taking notes because her dominant side was affected by her injury, and she was still dealing with treatment and therapy for her injury. Plaintiff was able to successfully complete one of the classes.

14. With respect to the other class, Plaintiff was able to complete nearly all of the assignments, but needed a little extra time, because she had to work with her non-dominant left hand, and was suffering from headaches.

15. Plaintiff's Professor Javier Lopez (hereinafter "Professor Lopez") encouraged Plaintiff to seek a reasonable accommodation of her disability.

16. Plaintiff spoke to her advisor about it, who in turn referred Plaintiff to Kimberly McManus (hereinafter "Ms. McManus") at the Disability Services Office (hereinafter "DSO"), to help Plaintiff identify any accommodations and resources she might need to complete her class work.

17. At the DSO, Plaintiff worked with Ms. McManus, and they agreed that reasonable accommodation would involve Plaintiff turning in her assignments after the December break.

18. After meeting with the DSO, Plaintiff was informed by Professor Lopez that he needed to submit paperwork to the Dean of Trinity University to approve giving Plaintiff more time to complete her assignments, and that the Dean would need to approve the request.

19. Importantly, no official of Trinity suggested to Plaintiff that she needed to do anything else to ask for, or obtain the reasonable accommodation she needed.

20. While the request to the Dean was pending, Plaintiff received an Incomplete in Professor Lopez' class.

21. The semester ended in December, and Plaintiff received a B in the other class she had taken during that semester.

22.     As a result of the request for a reasonable accommodation, Plaintiff was given until February to complete the remaining assignments in Professor Lopez' class.

23.     On or about January 24, 2022, Plaintiff had surgery on her right arm, and was affected by being on pain-killing drugs and the need to recuperate. She was thus given until March 31, 2022, to submit her work.

24.     Plaintiff submitted her remaining assignments in a timely manner, on or about March 17, 2022.

25.     However, Professor Lopez refused to grade the assignments, and failed to respond to any of Plaintiff's emails to him inquiring about her grade and completion of the course.

26.     To date, Trinity has taken no actions to ensure that Plaintiff's assignments are graded, in order for her to receive credit for the course.

27.     Plaintiff registered for two additional classes beginning in the January semester. She was obviously somewhat delayed in beginning her classwork as a result of the January surgery.

28.     Plaintiff had to miss the first classes of the January semester recuperating from her surgery, but she reached out to both professors of her new classes, and informed them of her situation, and that she would be attending classes within two weeks.

29.     Both of Plaintiff's professors were understanding. One professor indicated that Plaintiff would not be missing any significant work.

30.     The other professor, Bryant Concepcion (hereinafter "Professor Concepcion") indicated that he would allow Plaintiff time to make up the two assignments she was going to miss.

31.     Plaintiff returned to class a little earlier than expected, and made up one assignment in Professor Concepcion's class. As to the second assignment, Plaintiff was told that she would be allowed to make it up as well.

6

32. However, inexplicably, Professor Concepcion suddenly changed his mind, and refused to allow Plaintiff to make up the second assignment, claiming that he had a "no make-up" policy, and further asserted that a doctor's note did not trump his "no-make-up" policy.

33. Plaintiff went to Trinity administration to seek assistance, and to ask for a reasonable accommodation of her obvious disability, and to address Professor Concepcion's sudden reversal of policy.

34. On or about February 7, 2022, Plaintiff reached to her new advisor, Raushanah Taylor (hereinafter "Ms. Taylor"), to speak about Professor Concepcion's rigid refusal to accommodate her disability, and also about the terse and hostile tone of voice and demeanor that Professor Concepcion had taken towards Plaintiff.

35. Ms. Taylor did not get back to Plaintiff until March 18, 2022, approximately eight (6) weeks later. On or about April 6, 2022, Plaintiff met with Ms. Taylor.

36. At the meeting, Ms. Taylor indicated that she did not really work with disabled students, and further stated that she was unable to mediate a dispute between a student and a professor. Ms. Taylor suggested that Plaintiff speak with the Dean, and further that Plaintiff withdraw from the class.

37. In late March of 2022, an MPD co-worker of Plaintiff's, Portia Perkins (hereinafter "Ms. Perkins"), informed Plaintiff about a conversation that Ms. Perkins had related to Plaintiff's class with Professor Concepcion.

38. Ms. Perkins informed Plaintiff that she had had a conversation about Plaintiff, in which the name of Plaintiff's professor came up because Professor Concepcion was best friends with a former police officer, William Deondrel Smith (hereinafter "Mr. Smith"). Attached at EXHIBIT 1, is a sworn affidavit regarding the content of that conversation.

39. According to Ms. Perkins, Mr. Smith had discussed Plaintiff with his friend, Professor Concepcion, and told Professor Concepcion that Plaintiff was faking her injury, and was malingering. This conversation coincided with Professor Concepcion's marked shift in attitude towards Plaintiff, and reversal of his decision to allow her to make up both assignments she missed.

40. The conversation reported by Ms. Perkins clearly revealed that Professor Concepcion was speaking to Mr. Smith about Plaintiff, about her medical condition, and about her educational and classroom status.

41. Plaintiff went to the Trinity's Dean of Students Karen Revere (hereinafter "Dean Revere") and also went to Rehva Jones (hereinafter "Dean Jones"), who was the Chair of the Department, to speak about the hostility of Professor Concepcion and about Trinity's failure to accommodate Plaintiff's disability.

42. Plaintiff submitted evidence to Dean Revere, Dean Jones, and her advisor that established that Professor Concepcion had, after the fact, *changed his syllabus* in order to assert that Plaintiff could not reasonably pass his course because of the missed assignment.

43. This was done with the specific purpose of frustrating Plaintiff's ability to take and complete the course, and was retaliatory in nature.

44. The evidence Plaintiff provided establishing that Professor Concepcion was being dishonest, and that he was targeting Plaintiff in order to stymie her ability to take his course.

45. In the meantime, Plaintiff's Incomplete grade in Professor Lopez's class has remained unchanged because Professor Lopez has refused to grade the material, and Trinity has failed to assign another professor to allow Plaintiff's classwork to be graded.

## CLAIMS

## COUNT I

*(Violation of the Rehabilitation Act, 29 U.S.C. § 794 (b)(2) & The Americans With Disabilities Act, 42 U.S.C. §12132 -- Failure to Accommodate a Disability)*

46. Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

47. Plaintiff is a qualified person with a disability that is well documented. She made Trinity aware of her disability and her need for reasonable accommodation.

48. Defendant is a covered entity, subject to the provisions of the Rehabilitation Act because it receives federal funds via federal student aid and other programs.

49. Trinity had a statutory obligation to engage in an interactive process, and to take reasonable measures to accommodate Plaintiff's disability.

50. Trinity failed to accommodate Plaintiff's disability in violation of the Rehabilitation Act by refusing to grade assignments that Plaintiff submitted in accordance with agreed upon accommodation.

51. Defendant further failed to accommodate Plaintiff's disability by refusing to allow her to submit an assignment after it indicated that she would be allowed to do so, after she needed additional time due to necessary surgery.

52. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff's disability, she has suffered severe mental and emotional stress and anxiety, and exacerbation of her already debilitating physical pain and symptoms.

53. Plaintiff seeks injunctive relief in the form of an ORDER, mandating that Trinity assign a professor to grade the assignments Plaintiff has submitted to complete Professor Lopez's class, and an ORDER mandating that Plaintiff be allowed to submit and complete her assignments for Professor Concepcion's class.

54.     Plaintiff also asks for an ORDER mandating that the Dean of Students oversee Professor Concepcion's grading of any and all material submitted by Plaintiff to forestall retaliation against Plaintiff for engaging in protected activity.

55.     Plaintiff also seeks money damages in an amount of not less than $500,000.00, as well as interest and attorney's fees.

## COUNT II

*(Violation of the Rehabilitation Act, 29 U.S.C. § 794 (b) &*
*The Americans With Disabilities Act, 42 U.S.C. §12132 -- Retaliation)*

56.     Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

57.     Plaintiff is a qualified person with a disability that is well documented. She made Trinity aware of her disability and her need for reasonable accommodation.

58.     Defendant is a covered entity, subject to the provisions of the Rehabilitation Act because it receives federal funds via federal student aid and other programs.

59.     Defendant retaliated against Plaintiff for needing and seeking a reasonable accommodation by changing the course syllabus to deny her the ability to complete the course, by refusing her the ability to submit a course assignment that she was told she could complete before her surgery.

60.     Defendant's actions were both material and adverse, as they denied Plaintiff the benefit of course credit she paid tuition to be able to take, harms her grade point average, and will have long terms effects on her ability to obtain her Masters' Degree.

61.     Defendant's adverse and retaliatory actions were directly related to Plaintiff's request for a reasonable accommodation, and Defendant's unilateral and ill-founded belief that Plaintiff wasn't worthy of such an accommodation.

62. As a direct and proximate cause of Defendant's retaliatory actions, Plaintiff has suffered severe mental and emotional pain, and exacerbated the physical symptoms she endured after her surgery.

63. Plaintiff now seeks compensatory and punitive damages of not less than $500,000.00.

## COUNT III

*(Violation of the District of Columbia Human Rights Act,
D.C. Code §§ 1-2520, et. seq.-- Failure to Accommodate a Disability)*

64. Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

65. Plaintiff is a person with a well-documented disability.

66. Plaintiff informed Defendant Trinity of her need for a reasonable accommodation of additional time to complete a few assignments.

67. Defendant failed to engage in an interactive process to assess her accommodation needs, and failed to actually accommodate her disability.

68. Defendant's failure to assign a professor to grade the assignments she submitted, violated her rights, and constituted discrimination against her based on her disability.

69. Defendant's refusal to accommodate Plaintiff's need for an accommodation due to recent surgery, and its unilateral and post-facto change to course requirements in order to deny Plaintiff the ability to complete a course she enrolled in also violates the DCHRA.

70. Defendant's refusal to engage in an interactive process, to accommodate Plaintiff's disability, and its disparate treatment of Plaintiff because of her disability violate applicable law.

71. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff, who already suffers from physical ailments, was made to endure severe mental and emotional injuries and additional stress, as well as injuries to her reputation.

72. Plaintiff seeks injunctive relief in the form of an ORDER, mandating that Trinity assign a professor to grade the assignments Plaintiff has submitted to complete Professor Lopez's class, and an ORDER mandating that Plaintiff be allowed to submit and complete her assignments for Professor Concepcion's class.

73. Plaintiff also asks for an ORDER mandating that the Dean of Students oversee Professor Concepcion's grading of any and all material submitted by Plaintiff to forestall retaliation against Plaintiff for engaging in protected activity.

74. Plaintiff also seeks compensatory damages in an amount of not less than $500,000.00, as well as interest, and attorney's fees.

**COUNT IV**

*(Violation of the District of Columbia Human Rights Act,
D.C. Code §§ 1-2520, et. seq.-- Retaliation)*

75. Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

76. Plaintiff is a qualified person with a disability that is well documented. She made Trinity aware of her disability and her need for reasonable accommodation.

77. Defendant is a covered entity, subject to the provisions of the Rehabilitation Act because it receives federal funds via federal student aid and other programs.

78. Defendant retaliated against Plaintiff for needing and seeking a reasonable accommodation by changing the course syllabus to deny her the ability to complete the course, by refusing her the ability to submit a course assignment that she was told she could complete before her surgery.

79. Defendant's actions were both material and adverse, as they denied Plaintiff the benefit of course credit she paid tuition to be able to take, harms her grade point average, and will have long terms effects on her ability to obtain her Masters' Degree.

80. Defendant's adverse and retaliatory actions were directly related to Plaintiff's request for a reasonable accommodation, and Defendant's unilateral and ill-founded belief that Plaintiff wasn't worthy of such an accommodation.

81. As a direct and proximate cause of Defendant's retaliatory actions, Plaintiff has suffered severe mental and emotional pain, and exacerbated the physical symptoms she endured after her surgery.

Plaintiff now seeks compensatory and punitive damages of not less than $500,000.00.

## COUNT V

*(Violation of the District of Columbia Human Rights Act,
D.C. Code §§ 2-1401.01, et. seq.-- Race Discrimination)*

82. Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

83. Plaintiff is an African American woman.

84. Trinity denied Plaintiff the benefits of the tuition she paid to obtain a graduate education because of her race, African American.

85. Plaintiff asserts that non-African American students who are similarly situated were accommodated, and treated more fairly than Plaintiff has been.

86. Plaintiff asserts that Professors Lopez and Concepcion harbored animus against Plaintiff because of her race, African American.

87. Plaintiff asserts that but-for the fact that she is an African American woman, she would have been treated far better and more respectfully by Defendant.

88. Plaintiff asserts that but-for the fact that she is an African American woman, her request for a reasonable accommodation would have been honored.

89. Plaintiff asserts that Trinity's actions constitute material adverse actions, and that as a direct and proximate cause of those adverse actions, Plaintiff has suffered mental and emotional anguish, as well as material obstruction to her ability to obtain a graduate education.

90. Plaintiff herein seeks compensatory damages against Defendant in amount not less than $300,000.00.

## COUNT VI

*(Violation of the District of Columbia Human Rights Act,
D.C. Code §§ 2-1401.01, et. seq.-- Gender Discrimination)*

91. Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

92. Plaintiff is a member of protected class because she is a woman.

93. Trinity denied Plaintiff the benefits of the tuition she paid to obtain a graduate education because of her gender.

94. Plaintiff asserts that but-for the fact that she is an African American woman, she would have been treated far better and more respectfully by Defendant.

95. Plaintiff asserts that but-for the fact that she is an African American woman, her request for a reasonable accomodation would have been honored.

96. Plaintiff asserts that male students who are similarly situated were accommodated, and treated more fairly than Plaintiff has been.

97. Plaintiff asserts that Professors Lopez and Concepcion harbored animus against Plaintiff because of her gender.

98. Plaintiff asserts that Trinity's actions constitute material adverse actions, and that as a direct and proximate cause of those adverse actions, Plaintiff has suffered mental and emotional anguish, as well as material obstruction to her ability to obtain a graduate education.

99. Plaintiff herein seeks compensatory damages against Defendant in amount not less than $300,000.00.

## COUNT VII

*(Breach of Contract)*

100. Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

101. By paying tuition to Trinity, Plaintiff entered into a contract with Defendant.

102. As part of the contract, Defendant agreed to supply and provide qualified professors to present course material and grade assignments submitted by students.

103. Trinity has refused to grade Plaintiff's course material, forcing her to take an incomplete in the course, instead of procuring another qualified professor to grade her course work.

104. Plaintiff was forced to submit her course work when she did because of her disability, and the permission she obtained to submit the material when she did, was part of the reasonable accommodation of that disability.

105. Commensurate with that accommodation, was the understanding and agreement that Defendant would grade Plaintiff's work in order for her to complete the class.

106. Defendant's refusal to do so violates the terms of the contract between the parties.

107. As a direct and proximate cause of Defendant's breach, Plaintiff is hampered in her ability to complete the course work towards her Masters' Degree.

108. Plaintiff seeks an ORDER from the Court, mandating specific performance of the contract, and requiring that Trinity procure a qualified professor to grade Plaintiff's work and allow her to obtain credit for the work she completed.

## COUNT VIII

(*Breach of the Covenant of Good Faith and Fair Dealing*)

109.    Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

110.    By paying tuition to Trinity, Plaintiff entered into a contract with Defendant.

111.    As part of the contract entered into between Plaintiff and Defendant, Plaintiff expected, and had a right to expect, that her professors would keep her course work and grades confidential, and not discuss her status with third parties.

112.    Professor Concepcion violated standard educational ethics provisions, and the covenant of good faith and fair dealing by discussing Plaintiff with his personal friend, former police officer, Mr. Smith.

113.    Professor Concepcion violated the covenant of good faith and fair dealing by allowing himself to be influenced by representations from Mr. Smith to alter his treatment of Plaintiff in the classroom.

114.    As a direct and proximate cause of Professor Concepcion's actions, Plaintiff has lost the benefit of her bargain in paying tuition to Trinity.

115.    As a direct and proximate cause of Professor Concepcion's actions, Plaintiff suffered damage to her reputation, and severe mental and emotional anguish.

116.    Plaintiff therefore seeks compensatory and punitive damages in an amount of not less than $1,000,000.00.

## COUNT IX

(*Negligent Supervision*)

117.    Plaintiff incorporates the allegations in the previous paragraphs as if fully restated herein.

118.    Plaintiff asserts that Defendant had a responsibility to ensure that the faculty and staff of Trinity honor and protect the privacy rights of Trinity students.

119.    Defendant failed to train or properly supervise Professor Concepcion about the impropriety of discussing the classroom status and performance of Trinity students with his personal friends.

120.    As a direct and proximate cause Defendant's failure to train and supervisor its faculty about appropriate conduct, Plaintiff's reputation was badly damaged, her reasonable accommodation request was denied, and she was made to needlessly suffer emotional and mental anguish, as well as exacerbation of physical pain related to her recovery from surgery.

121.    Plaintiff herein seeks compensatory and punitive damages against Defendant in amount not less than $1,000,000.00.

## JURY DEMAND

122.    Plaintiff demands a jury trial on claims so triable.


Respectfully submitted,

_____/s/Pamela M. Keith
Pamela M. Keith [Bar No. 448421]
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
Tel: (202) 800-0292
Fax: (202) 807-5725
pamkeith@centerforemploymentjustice.com
*Counsel for Plaintiff*